DETERMINED IN THE

# FIRST DEPARTMENT,

AT

## GENERAL TERM,

### November, 1882.

---

MARIA SALUD O. YOUNGER, Respondent, v. MARY ANN PELTON DUFFIE, Appellant, Impleaded, etc.

*Action to establish a will — what is a sufficient allegation of the non-residence of the testator — Code of Civil Procedure, sec. 1861.*

The complaint, in an action to establish a will, alleged that the testator, "General Alfred N. Duffié, late United States consul at Andalusia, in the kingdom of Spain, temporarily residing at Cadiz, in said kingdom, but an inhabitant of and domiciled at West Brighton, in the county of Richmond and State of New York, died on the 8th day of November, A. D. 1880, at the said city of Cadiz, and that he was, at the time of his death, possessed of personal property within the State of New York." It then averred that in the year 1880, at the city of Cadiz, he made and published his last will and testament, and in May, 1881, a codicil thereto, in conformity to the laws of Spain.

*Held*, that the averments as to the residence of the testator were sufficient to justify proof, upon the trial, of facts showing that the testator was a non-resident of the State at the time of the execution of the will and of his death, within the meaning of that term as used in subdivision 2 of section 1861, of the Code of Civil Procedure.

The complaint also alleged that the testator signed, published, declared and executed his will and codicil before a notary and three witnesses, and that the will and codicil had been duly recorded by the notary before whom they were made and published in his register or protocol, and that they remained on file in the archives of his notarial office from which they could not be removed for any purpose whatever. The copies of the will and codicil annexed to the complaint showed that each of these instruments was subscribed by the testator, the witnesses and the notary.

*Semble,* that the complaint stated a cause of action under the first subdivision of the section providing for the proof of a will executed in such manner and under such circumstances as that it might, under the laws of the State, be admitted to probate in the surrogate's office, where the original will is in another State and country, under such circumstances that it cannot be obtained for that purpose.

APPEAL from a judgment of the Special Term overruling a demurrer to the supplemental complaint herein.

*Coudert Bros.,* for the appellant.

*Alcott & Mestre,* for the respondent.

DAVIS, P. J. :

The demurrer is upon the ground that the supplemental complaint does not state facts sufficient to constitute a cause of action.

The action is brought under section 1861 of the Code of Civil Procedure. That section provides that " an action to procure a judgment establishing a will may be maintained by any person interested in the establishment thereof, in either of the following cases :

1. " Where a will of real or personal property, or both, has been executed in such a manner and under such circumstances that it might, under the laws of the State, be admitted to probate in a Surrogate's Court; but the original will is in another State or country, under such circumstances that it cannot be obtained for that purpose; or has been lost or destroyed by accident or design, before it was duly proved and recorded within the State."

2. " Where a will of personal property made by a person who resided without the State at the time of the execution thereof, or at the time of his death, has been duly executed according to the laws of the State or country in which is was executed, or in which the testator resided at the time of his death, and the case is not one where the will can be admitted to probate in a Surrogate's Court under the laws of the State."

The original will and codicil sought to be established in this case are in Spain, under such circumstances that they cannot be obtained for probate before the Surrogate's Court. The will relates to personal property, and the plaintiff is alleged to be a person interested in the establishment thereof. The supplemental complaint in

respect of the question of residence avers "that General Alfred N. Duffié, late United States Consul at Andalusia, in the kingdom of Spain, temporarily residing at Cadiz, in said kingdom, but an inhabitant of and domiciled at West Brighton, in the county of Richmond and State of New York, died on the 8th day of November, A. D. 1880, at the said city of Cadiz; and that he was, at the time of his death, possessed of personal property within the State of New York."

It then avers that the said Duffié, at the city of Cadiz on the 28th of January, 1880, made and published his last will and testament, and afterwards, on the 1st of May, 1881, made and published a codicil thereto, which were duly executed in conformity to the laws of Spain, and duly recorded by the notary before whom they were made, and published in his register or protocol, and remain on file in the archives of his notarial office, from which they cannot be removed for any purpose whatever. It then proceeds in substance to set forth the laws of Spain, and to allege that the defendant Mary Ann Pelton Duffié was nominated executrix of the said will, but that she declines to proceed with the probate thereof.

It is contended by the appellant that the averments are not sufficient to satisfy the requirements of the second subdivision of section 1861 of the Code, because they fail to show that the testator resided without the State at the time of the execution of his will, or at the time of his death. The averment is in substance that at the time of the making of the will, and at the time of his death, the testator was temporarily residing at Cadiz, in the Kingdom of Spain, but was an inhabitant of and domiciled at West Brighton, in the county of Richmond and State of New York.

The question presented is whether the averment of temporary residence at Cadiz is so controlled by the averment that the testator was an inhabitant of and domiciled at West Brighton, in the county of Richmond and State of New York, as to show that he was a resident of the State, and not a non-resident within the meaning of the statute.

The question is certainly not free from doubt, but we are of opinion that under the averment that the testator was temporarily residing at Cadiz, in Spain, at the time of the execution of his will, and at the time of his death, is sufficient to justify, upon the trial of

an issue of fact joined in the action, proof of such facts as would bring the case within the signification of section 1861 of the Code. It may be fairly inferred from the allegations of the complaint that the temporary residence abroad of the testator was in the official character of United States consul, then and there discharging the duties of that office, and a residence in a foreign country for such a purpose would seem sufficiently to satisfy the requirements of the section, although the official might also have a lawful residence and domicile within this State. It is not difficult to suppose that under the averment now under consideration a state of facts can be proved sufficient to uphold the probate of the will. And where the allegations of the complaint are sufficient to justify the introduction of such facts at a trial, it is not to be held bad upon the general demurrer interposed in this case.

The first subdivision of section 1861 provides, amongst other things, for a case where a will has been executed in such manner and under such circumstances that it might, under the laws of this State, be admitted to probate in the Surrogate's Court, but the original will is in another State or country under such circumstances that it cannot be obtained for that purpose.

We are inclined to think that the averments of the complaint as matter of pleading, sufficiently show a case within this subdivision of the section. It is averred that the testator signed, published, declared and executed his will and codicil before a notary and in the presence of three witnesses who are named, and that he executed the codicil in like form, and the copies of the will and codicil annexed to the complaint, show a subscription of each of those instruments by the testator and the witnesses to his will and by the notary. The allegations are broad enough to admit proof at the trial of all other surrounding circumstances required by our statutes and hence it is not apparent to us why it may not be that the will is one which could be admitted to probate in the Surrogate's Court, if the circumstance that it cannot be obtained for that purpose did not exist. Where such circumstance does exist, the Code expressly provides that the action may be maintained for the purpose of establishing the will. (*Russell* v. *Hart*, 13 N. Y. Weekly Digest, 309, January 6, 1882; *Caulfield* v. *Sullivan*, 85 N. Y., 153.)

Under this subdivision of the section the averment that the

deceased was an inhabitant of and domiciled in this State, but was temporarily residing in Spain at the time of the execution of his will and codicil, are sufficient even if they should be held to aver such a residence as would exclude the case from the operation of the second subdivision.

The judgment should therefore be affirmed, with costs, and with the usual leave to answer on payment of costs.

BRADY and INGALLS, JJ., concurred.

Judgment affirmed, with costs, and with leave to answer over on payment of costs.